UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.   21-_____ |
| | : | |
| v. | : | |
| | : | |
| JEANINE HENDERSON ARNETT and | : | 18 U.S.C. § 1344(2) (Bank Fraud) |
| DIALLO ARNETT, | : | 18 U.S.C. § 2 (Aiding and Abetting) |
| | : | |
| Defendants. | : | FORFEITURE ALLEGATION: |
| | : | |
| | : | 18 U.S.C. § 982(a)(2); and |
| | | 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

1. From on or about October 3, 2017 through on or about September 15, 2019, within the District of Columbia and elsewhere, the defendants, JEANINE HENDERSON ARNETT and DIALLO ARNETT, knowingly executed and attempted to execute a scheme and artifice to defraud, and to obtain monies, funds, credits, assets, securities, and other property owned by, and under the custody and control of Bank of America, which was a financial institution with deposits insured by the Federal Deposit Insurance Corporation, to wit: funds from bank accounts held in the name of the Delta Sigma Theta Sorority Inc., by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344(2) and 2.

**(Bank Fraud, in violation of Title 18, United States Code, Sections 1344(2) and 2)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, of this Information, the

defendants shall forfeit to the United States any property, constituting or derived from, proceeds the defendants obtained directly or indirectly, as the result of this violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A). The United States will also seek a forfeiture money judgment against the defendants in the amount of $245,380.46.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant so convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

*Channing D. Phillips/jph*
CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

DATED: April 8, 2021