## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.    21-293 (RDM) |
| | : | |
| v. | : | |
| | : | |
| JEANINE HENDERSON ARNETT and | : | |
| DIALLO ARNETT, | : | |
| | : | |
| Defendants. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### *Summary of Plea Agreement*

Defendant JEANINE HENDERSON ARNETT ("DEFENDANT") agrees to admit guilt and enter a plea of guilty to the Information, which charges DEFENDANT with Bank Fraud.

### I.    Elements of the Offense

The elements of Bank Fraud (18 U.S.C. § 1344), as charged in the Information, are that (1) the Defendant knowingly carried out or attempted to carry out a scheme to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact; (2) the false or fraudulent pretenses, representations, or promises were material; (3) the Defendant intended to defraud someone; and (4) the financial institution was federally insured.

### II.    Statement of Facts

The United States of America and the DEFENDANT agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.      Jeanine Henderson Arnett, a resident of the Commonwealth of Virginia, worked as the Executive Director of Delta Sigma Theta Sorority, Inc., a 501(c)(7) organization located in the District of Columbia.

2.      Diallo Arnett, a resident of the Commonwealth of Virginia, was married to the DEFENDANT.

3.      Delta Sigma Theta maintained bank accounts at Bank of America (accounts ending in -6551 and -7618) and credit card accounts at American Express (accounts ending in -81052, -82050, -85004, -86002, -1053, -2051, and -3059). As Executive Director, DEFENDANT had access to the bank accounts and credit cards.

4.      Delta Sigma Theta prohibited the use of corporate funds for personal expenses.

5.      Bank of America was a financial institution within the meaning of 18 U.S.C. § 20, whose deposits were insured by the Federal Deposit Insurance Corporation.

6.      On or about July 24, 2017, DEFENDANT was hired as the Executive Director of Delta Sigma Theta.

7.      Between on or about October 3, 2017 and on or about September 15, 2019, the DEFENDANT and Diallo Arnett misappropriated more than $150,000 from Delta Sigma Theta's Bank of America accounts through, among other things, ACH money transfers and credit card transactions.

8.      On or about January 25, 2018, using an American Express credit card account number ending in -1053, DEFENDANT executed an unauthorized and fraudulent transaction with Amazon in the amount of $102.84.

9.      On or about January 30, 2018, using an American Express credit card account

2

number ending in -2051, DEFENDANT executed an unauthorized and fraudulent transaction with Avis Rent a Car in the amount of $372.06.

10.     On or about June 8, 2018, using an American Express credit card account number ending in -81052, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using Square Payments, in the amount $1,030.00.

11.     On or about June 9, 2018, using an American Express credit card account number ending in -81052, DEFENDANT executed an unauthorized and fraudulent transaction with GEICO Auto in the amount of $330.34.

12.     On or about June 18, 2018, using an American Express credit card account number ending in -81052, DEFENDANT executed an unauthorized and fraudulent transaction with T-Mobile in the amount of $529.42.

13.     On or about June 27, 2018, using an American Express credit card account number ending in -81052, DEFENDANT executed an unauthorized and fraudulent transaction with Coach Inc., in the amount of $63.91.

14.     On or about July 14, 2018, DEFENDANT fraudulently caused an ACH money transfer from the Bank of America account ending in -6551, in the amount of $52,791.06, to cover unauthorized and fraudulent transactions on the American Express credit card account number ending in -81052.

15.     On or about December 28, 2018, DEFENDANT fraudulently caused an ACH money transfer from the Bank of America account ending n -7618, in the amount of $26,457.12, to cover unauthorized and fraudulent transactions on the American Express credit card account number ending in -81052.

16.     On or about January 11, 2019, DEFENDANT fraudulently caused an ACH money transfer from the Bank of America account ending in -7618, in the amount of $44,488.49, to cover unauthorized and fraudulent transactions on the American Express credit card account number ending in -81052.

17.     On or about April 5, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using Square Payments, in the amount $1,545.00.

18.     On or about May 4, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using Square Payments, in the amount $1,545.00.

19.     On or about May 25, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using Square Payments, in the amount $1,545.00.

20.     On or about June 4, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using Square Payments, in the amount $1,545.00.

21.     On or about July 1, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using the Square Cash App, in the amount $1,545.00.

22.     On or about July 9, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using the Square Cash App, in the amount $257.50.

4

23.     On or about July 13, 2019, using an American Express credit card account number ending in -82050, DEFENDANT executed an unauthorized and fraudulent transaction with Century Twenty-One, in the amount of $779.61.

24.     On or about July 21, 2019, using an American Express credit card account number ending in -82050, DEFENDANT executed an unauthorized and fraudulent transaction with Amazon, in the amount of $349.79.

25.     On or about July 29, 2019, using an American Express credit card account number ending in -82050, DEFENDANT executed an unauthorized and fraudulent transaction with Loudon County for taxes owed, in the amount of $334.72.

26.     On or about August 1, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using the Square Cash App, in the amount $2,575.00.

27.     On or about August 3, 2019, using an American Express credit card account number ending in -3059, Diallo Arnett and the DEFENDANT executed an unauthorized and fraudulent transaction, using the Square Cash App, in the amount $2,575.00.

28.     On or about September 6, 2019, DEFENDANT fraudulently caused an ACH money transfer from the Bank of America account ending in -7618, in the amount of $15,847.58, to cover unauthorized and fraudulent transactions on the American Express credit card account number ending in -82050.

29.     In order to hide their unauthorized and fraudulent transactions, with respect to the American Express credit card accounts ending in -1053, 2051, and -3059, the DEFENDANT and Diallo Arnett created false and fraudulent account statements which removed the individual

unauthorized and fraudulent charges, but left the amount of these charges in the total balance. As a result, when it paid its total balance to American Express, Delta Sigma Theta unknowingly paid for the unauthorized and fraudulent transactions.

30.     In or around August 2019, Delta Sigma Theta terminated the employment of DEFENDANT as Executive Director.

31.     In or around September 2019, Delta Sigma Theta's Finance Department discovered irregularities with their American Express credit card accounts. Specifically, they were unable to close their existing accounts due to large and unknown outstanding balances.

32.     On or about September 15, 2019, Delta Sigma Theta confronted DEFENDANT about these financial irregularities. That afternoon, DEFENDANT admitted that she and Diallo Arnett had participated in a fraudulent scheme. DEFENDANT then surrendered an American Express credit card, associated with the accounts ending in -1053, -2051, and -3059. In addition, DEFENDANT disclosed the existence of another American Express credit card account, held in the name of Delta Sigma Theta and associated with account numbers ending in -81052, -82050, -86002, and -85004. Delta Sigma Theta was unaware that these accounts were still active. DEFENDANT was able to keep this American Express credit card hidden by using online access to the account and linking Delta Sigma Theta's Bank of America accounts as the online payment method, via ACH transfers.

33.     On or about September 18, 2019, Diallo Arnett sent an email to an officer of Delta Sigma Theta. The email attached a letter in which he, among other things, admitted to his participation in a scheme to use corporate funds for personal benefit.

6

34.     The DEFENDANT admits that she and Diallo Arnett personally obtained more than $150,000 in criminal proceeds from the crime to which he is pleading guilty.   The DEFENDANT admits those funds were obtained from Delta Sigma Theta accounts and funds and were taken by the DEFENDANT and Diallo Arnett for their personal use and benefit – not for any purposes benefitting Delta Sigma Theta.

35.     The DEFENDANT admits that the proceeds she personally obtained as a result of her criminal activity described above have been dissipated by her and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

## III.    Limited Nature of Proffer

The information contained in his proffer is not a complete recitation of all the facts and circumstances, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1344, that, is, Bank Fraud, as charged in the Information.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar Number 415793

By: _____
    Joshua S. Rothstein
    Assistant United States Attorney
    N.Y. Bar Number 4453759
    555 4th Street, N.W., Room 5828
    Washington, D.C. 20530
    Office: 202-252-7164
    Joshua.Rothstein@usdoj.gov

DATED: April 13, 2021

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me.  It does not include all of the facts known to me regarding these offenses. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense.  Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 4/19/2021

Jeanine Henderson Arnett
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it with my client fully.  I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: 4/19/21

Kevin McCants, Esq.
Counsel for Defendant Jeanine Henderson Arnett

9